[Cite as *State v. Neroni*, 2014-Ohio-5525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-236 |
| v. | : | (C.P.C. No. 12CR02-1093) |
| Kyle M. Neroni, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 16, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Todd W. Barstow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Kyle M. Neroni, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. Because his conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} For some period of time until 2011, appellant dated Tara Delia. They had a child together. In 2011, their relationship ended and, shortly thereafter, Delia started dating James Bond. Delia and Bond eventually had a child together. Although appellant and Bond knew each other previously, their relationship became hostile after Bond

started dating Delia. In fact, appellant and Bond had previously fought one another in May of 2011.

{¶ 3} In the early morning hours of July 2, 2011, after sending each other a number of confrontational text messages, appellant and Bond met on the street near appellant's apartment[1] and fought each other again. During the fight, Bond punched appellant a number of times and Bond felt appellant punch him several times in his side. The fight stopped when appellant hit his head on the ground after Bond pushed him down. Bond then noticed that he was bleeding from what he thought were stab wounds in his side. Bond went to the hospital for treatment.

{¶ 4} As a result of these events, a Franklin County Grand Jury indicted appellant with one count of felonious assault in violation of R.C. 2903.11. Appellant entered a not guilty plea to the charge and proceeded to a jury trial.

{¶ 5} At trial, several witnesses testified to the above version of events. Additionally, Teja Tibbs was in the apartment complex that night and saw the fight. After the men each threw some punches, she saw appellant reach into his pocket and take out something "small and shiny and pointy." (Tr. 152.) She saw appellant punch Bond a few more times before the fight broke up and then saw blood coming from Bond's chest and stomach area. (Tr. 154.) Tibbs' friend, Brielle Hall, also observed the fight. After the fight began, she saw appellant fall to the ground and then reach "into his pocket and pulled out what looked like a pocket knife." (Tr. 186.) The fight continued as appellant went towards Bond's stomach area. When the fight broke up, Hall saw Bond bleeding from the area of Bond's body where appellant had struck. (Tr. 189.) Another friend, Breanna McLaughlin, also testified that she saw the fight and saw appellant reach into his pocket during the fight and then punch Bond in the side.

{¶ 6} Appellant argued that Bond sustained his injuries when he fell on some glass that was on the ground after Bond hit appellant with a glass bottle. Appellant also claimed that he acted in self-defense. In support of those claims, appellant's mother and a friend both testified that Bond was the instigator of the fight and that he hit appellant with a glass beer bottle during the fight. Appellant's mother and the friend both denied seeing a knife during the fight. Appellant testified that Bond instigated the fight and hit him with

---

[1] Appellant, Bond, and Delia all lived near each other in the same apartment complex.

a beer bottle. He also denied stabbing Bond with a knife and, in fact, did not even think he punched him at all.

{¶ 7} The jury rejected appellant's arguments and found him guilty of felonious assault. The trial court sentenced him accordingly.

## II. The Appeal

{¶ 8} Appellant appeals his conviction and assigns the following errors:

> I. The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One Section Ten of the Ohio Constitution by finding him guilty of felonious assault imposition as that verdict was not supported by sufficient evidence and was also against the manifest weight of the evidence.
>
> II. Appellant was deprived of his right to be present and to the presence and assistance of his counsel during a critical stage of his jury trial, and his right to due process and a fundamentally fair jury trial as required by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article One Sections, Five, Ten and Sixteen of the Ohio Constitution and Criminal Rule 43(A).

{¶ 9} At oral argument, appellant's counsel withdrew appellant's second assignment of error in light of the trial court's subsequent entry settling the record. That entry reflects that appellant's counsel waived his presence during consideration of proposed answers to two jury questions and also approved the written answers actually given to the jury. Therefore, we need not address appellant's second assignment of error.

### A. The Sufficiency and Weight of the Evidence

{¶ 10} Appellant argues in his first assignment of error that his conviction is not supported by sufficient evidence and is also against the manifest weight of the evidence. Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11, citing *State v. Braxton*, 10th Dist. No. 04AP-725, 2005-Ohio-2198, ¶ 15. "[T]hus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Id.* Accordingly, we first examine whether appellant's conviction is

supported by the manifest weight of the evidence. *State v. Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, ¶ 46 (10th Dist.).

{¶ 11} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

## B. Did Appellant Use a Knife During the Fight?

{¶ 12} In order to find appellant guilty of felonious assault in violation of R.C. 2903.11(A)(2), the state had to prove that he knowingly caused or attempted to cause Bond physical harm by means of a deadly weapon or dangerous ordnance. A knife can be a deadly weapon for purposes of the felonious assault statute. *State v. Westmoreland*, 10th Dist. No. 12AP-632, 2013-Ohio-1466, ¶ 12; *State v. Wallace,* 10th Dist. No. 08AP-2, 2008-Ohio-5260, ¶ 46. Appellant argues that the state did not prove that he caused Bond's injuries by means of a deadly weapon because it did not prove that he had a knife during the fight. We disagree.

{¶ 13} Police did not find a knife at the scene of the fight. Three witnesses to the fight, however, testified that during the fight, appellant fell to the ground and then reached into his pocket and pulled something out. While McLaughlin could not positively identify the object, Tibbs thought the object was "small and shiny and pointy" and Hall thought it looked like a knife. After reaching into his pocket, all three witnesses testified that appellant then struck Bond in the area of his stomach or side–the same area where they later saw Bond bleeding. Additionally, Bond testified that he thought appellant

stabbed him and that at the end of the fight, appellant "dropped what he was holding" and then he heard a metallic sound.  (Tr. 80.)

{¶ 14} Moreover, the wounds on Bond's body were consistent with stabbing wounds from a knife.  (Tr. 463.)   All of the wounds were on Bond's right side and appellant is left-handed.  (Tr. 247.)   Lastly, appellant had a wound on his left hand that appeared to be consistent with a wound that would occur from coming into contact with or holding a small knife.  (Tr. 464.)

{¶ 15} In light of all of this evidence, the jury did not lose its way in concluding that appellant used a knife during the fight to cause Bond's injuries.  Accordingly, appellant's conviction for felonious assault is not against the manifest weight of the evidence.  This disposition resolves appellant's claim that his conviction is also not supported by sufficient evidence.  *Gravely; State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 18.  We overrule appellant's first assignment of error.

## III. Conclusion

{¶ 16} Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

———————————