**[Cite as *State v. Almeyda*, 2021-Ohio-451.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28734 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-1040 |
| | : | |
| DANIEL J. ALMEYDA | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of February, 2021.

. . . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, City of Kettering Prosecutor's Office, Appellate Division, 2325 Wilmington Pike, Kettering, Ohio 45420
    Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Daniel J. Almeyda appeals from his conviction for violating a protection order. We affirm.

## I. Factual and Procedural Background

{¶ 2} On June 5, 2019, Almeyda was charged in Kettering Municipal Court with violation of a protection order under R.C. 2919.27(A)(1). The case was tried to a jury, which was presented with the following evidence.

{¶ 3} Aubrey Groh testified that she had lived with Almeyda for 20 years and that they have three children together. On May 23, 2019, an order protecting Groh and the children was entered against Almeyda that, among other things, required him to stay 500 feet away from them. On June 4, 2019, Groh was driving to work when she noticed Almeyda pull in behind her in his Honda Odyssey van. He began to follow her. Groh stopped at a red light. Almeyda stopped behind her, backed up, and pulled into a church parking lot on the corner. The light turned green, and Groh turned left. Almeyda pulled out of the parking lot and onto the street, following Groh. He continued to follow her for a way. Groh was able to use her cell phone to snap a picture of him behind her. Groh testified that Almeyda got within 25 feet of her while she was in her car. She said that she could tell it was him driving because he had a look on his face that she had seen before in their 20-year relationship.

{¶ 4} After the close of the state's evidence, Almeyda moved for acquittal under Crim.R. 29. The trial court overruled the motion. Almeyda then took the stand and made a statement to the jury in which he said that it was not him in Groh's pictures.

{¶ 5} The jury found Almeyda guilty. The trial court sentenced him to 180 days in

jail plus a $250 fine. The court suspended 165 days of the jail term and placed Almeyda on probation for two years.

{¶ 6} Almeyda appeals.

## II. Analysis

{¶ 7} Almeyda presents two assignments of error:

THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE EVERY ESSENTIAL ELEMENT OF VIOLATION OF A PROTECTION ORDER BEYOND A REASONABLE DOUBT.

MR. ALMEYDA'S CONVICTION FOR VIOLATION OF A PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Sufficiency of the evidence and the manifest weight of the evidence are different legal concepts. *See State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 69. But "manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." (Citation omitted.) *State v. McCrary,* 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. As a result, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Citations omitted.) *State v. Braxton,* 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 9} "When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving

conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Hunt*, 2d Dist. Greene No. 2013-CA-79, 2014-Ohio-3839, ¶ 14, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} "The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve." *State v. Hammad*, 2d Dist. Montgomery No. 26057, 2014-Ohio-3638, ¶ 13, citing *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). "This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way." (Citation omitted.) *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 11} R.C. 2919.27(A)(1) provides that no "person shall recklessly violate the terms" of a protection order issued "pursuant to section 2919.26 or 3113.31 of the Revised Code." R.C. 2901.22(C) states that "[a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist."

{¶ 12} The protection order that Almeyda was accused of violating required him to stay 500 feet away from Groh, even while driving:

**RESPONDENT SHALL STAY AWAY FROM PETITIONER** and all other protected persons named in this order, and shall not be present within 500 feet * * * (distance) of any protected persons wherever those protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, **even with Petitioner's permission**. If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately*. This Order includes encounters on public and private roads, highways, and thoroughfares.

(Emphasis sic.) It is undisputed that Almeyda was properly served with the protection order and that the order was in effect at the time that he allegedly violated it.

{¶ 13} The complaint charged Almeyda with driving behind Groh within 500 feet. Groh estimated that Almeyda got to "less than twenty-five feet" from her. (Tr. 19). At any rate, she said, "it was definitely less than five hundred feet away from me." (*Id.*) Two pictures that Groh took of Almeyda following her were presented at the trial. Based on those pictures, we believe that it was reasonable for the trial court to find that Almeyda had indeed been within 500 feet. While Almeyda testified that it was not him in the picture, Groh said that she knew it was him, having lived with him for 20 years and knowing his vehicle. We defer to the jury's assessment of credibility.

{¶ 14} Almeyda's contends on appeal that the state failed to establish that he was within 500 feet of Groh. He seems to think that expert testimony or some evidence other

than Groh's testimony was needed to establish the distance. But her testimony alone was sufficient. *See State v. Putman-Albright*, 2d Dist. Montgomery No. 26679, 2016-Ohio-319, ¶ 22-23 (victim's testimony alone that defendant had been within 500 feet was sufficient to establish a violation of the protection order). Almeyda fails to convince us otherwise.

{¶ 15} Having reviewed the entire record, and considering the evidence and all reasonable inferences, we cannot conclude that the trial court lost its way and created a manifest miscarriage of justice in convicting Almeyda of violating R.C. 2919.27(A)(1). Groh's testimony regarding Almeyda's conduct was clear and was sufficient to establish that, with heedless indifference to the consequences, he came within 500 feet of her—a violation of the protection order. We conclude that Almeyda's conviction was not against the manifest weight of the evidence, which means that the evidence was also sufficient to support the conviction.

{¶ 16} The two assignments of error are overruled.

### III. Conclusion

{¶ 17} We have overruled both of the assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

John D. Everett
Chris Beck
Hon. Dennis J. Fallang, Acting Judge