[Cite as *State v. Turner*, 2024-Ohio-2196.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2023-CA-51 |
| v. | : | Trial Court Case No. 2023 TRD 01446 |
| BREANNE RAE TURNER | : | (Criminal Appeal from Municipal Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 7, 2024

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Breanne Rae Turner appeals from her conviction for leaving the scene of an accident. For the reasons outlined below, we affirm the judgment of the trial court.

**I.      Factual and Procedural Background**

{¶ 2} On April 19, 2023, Melinda Richardson, a bus driver for Xenia City Schools,

dropped off elementary school students at Cox Elementary School and was driving to park the bus at the depot. While driving to the bus depot at approximately 8:52 a.m., she stopped at the intersection of Church and Detroit Streets and was rear-ended by a black sports utility vehicle (SUV).

{¶ 3} Officer Everett Harding of the Xenia Police Department was dispatched to the scene of the collision. Richardson provided Officer Harding with the SUV's license plate number, and Turner, who was later identified as the operator of the SUV, was charged with one count of leaving the scene of an accident under R.C. 4549.02 and one count of failing to maintain assured clear distance under R.C. 4511.21(A). The matter proceeded to bench trial on August 9, 2023.

{¶ 4} At trial, Richardson testified for the State. According to Richardson, when she was stopped at the intersection, she heard a noise upon impact of the SUV in the rear of the bus and felt the bus move forward. She then saw the driver of the SUV, a black female, drive away without stopping or providing contact information but not before Richardson noted the SUV's license plate number and observed damage to the front of the SUV.

{¶ 5} Officer Harding also testified. Harding stated that, upon arriving at the scene, he observed no damage to the bus. He entered the SUV's license plate number provided by Richardson into LEADS, which returned the address of the registered owner. Officer Harding then went to the address provided by LEADS and spoke to the registered owner's mother, who explained that Turner was the registered owner of the SUV and provided Harding with Turner's phone number. Officer Harding then left a voicemail for Turner and, the next day, Turner contacted Harding by phone. According to Harding, Turner stated

that, while she was at the intersection in her SUV, she had looked in the backseat and was not paying attention but apparently did not believe that she had actually hit the bus, so she just backed up and drove off.

**{¶ 6}** Turner then testified. According to Turner, she was stopped in her SUV behind the bus at the intersection when she looked in the backseat while keeping her foot on the brake. When she turned back around, she realized that she was close to the bus but did not believe that she had hit the bus, even though the bus driver had turned the bus's hazard lights on. She admitted that she "felt a bump," but she still had her foot on the brake and thus believed she had been stopped. She stated that she then waited for a moment before backing up, turning right, and driving away. When she returned home and looked at her vehicle, she realized that she had been in an accident because the SUV's hood was damaged. She stated that she then returned to the scene of the accident but, by that time, no one was there.

**{¶ 7}** The trial court found Turner guilty of both counts, reasoning that, under the circumstances of the case, a person like Turner would have known or should have known that she had hit another vehicle.

**{¶ 8}** Turner appeals.

## II.     Assignment of Error

**{¶ 9}** Turner asserts the following sole assignment of error:

Defendant's Conviction Under [R.C.] 4549.02 was Without Sufficient

Evidence and Against the Manifest Weight of the Evidence.

**{¶ 10}** A sufficiency of the evidence argument relates to a dispute concerning

whether the State "presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The test for sufficiency of the evidence was set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991):

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus. In other words, on review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Thompkins* at 390.

{¶ 11} A weight of the evidence argument, on the other hand, challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. *Wilson* at ¶ 12, citing *State v. Hufnagel*, 2d Dist. Montgomery No. 15563, 1996 WL 501470, *3 (Sept. 6, 1996). The proper test to apply to a manifest weight of the evidence inquiry is set forth in *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983), which states:

> * * * [T]he court, reviewing the entire record, weighs the evidence and all

reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *

"In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is 'against,' that is, contrary to, the manifest weight of the evidence presented." (Citation omitted.) *Wilson* at ¶ 14.

{¶ 12} However, "[a]lthough sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." *State v. Flores-Lopez*, 2d Dist. Montgomery No. 27108, 2017-Ohio-690, ¶ 49, citing *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11; *accord State v. Robinson*, 2d Dist. Montgomery No. 26441, 2015-Ohio-1167, ¶ 17. As a result, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Flores-Lopez* at ¶ 49, citing *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

{¶ 13} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact primarily to resolve. *Wilson* at ¶ 15, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), we explained:

Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of

appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.

{¶ 14} Additionally, the trier of fact is in the best position to consider inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *State v. Petty*, 10th Dist. Franklin Nos. 11AP-716, 11AP-766, 2012-Ohio-2989, at ¶ 38, citing *State v. Williams*, 10th Dist. Franklin No. 02AP-35, 2002-Ohio-4503, ¶ 58. "To that end, the fact finder is free to believe all, part or none of the testimony of each witness appearing before it." *Id.*, citing *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21. "Mere disagreement over the credibility of witnesses is not sufficient reason to reverse a judgment." *Id.*, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. Moreover, "[i]t is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *In re M.J.C.*, 12th Dist. Butler No. CA2014-05-124, 2015-Ohio-820, ¶ 35. Thus, we will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *See Wilson* at ¶ 17, citing *State v. Bradley,* 2d Dist. Champaign No. 1997-CA-3, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 15} Turner presents one assignment of error containing two parts: (1) whether

there was sufficient evidence presented for a finding of guilt; and (2) whether the finding of guilt was against the manifest weight of the evidence. The trial court found Turner guilty of violating R.C. 4549.02, which requires an operator of a motor vehicle to stop after an accident on a public road or highway. R.C. 4549.02 states, in part:

(A)(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

{¶ 16} The crux of Turner's argument is twofold: (1) there was insufficient evidence that she was the operator of the vehicle involved in the collision; and (2) there was insufficient evidence that she had knowledge of the accident. Turner contends that her conviction for leaving the scene of an accident was determined with insufficient evidence because there was no indication that an accident had occurred requiring her to stop at

the scene. Turner asserts that Richardson did not observe damage to the bus and probably could not have positively identified Turner's SUV as the vehicle that struck the back of the bus. Turner further argues that she did not have the requisite intent at the time of the accident, as she did know that she had hit the bus when she backed up and drove off. We disagree.

{¶ 17} The issue on review is whether the evidence presented at trial demonstrated that Turner was the operator of a motor vehicle on a public road or highway and failed to immediately stop her vehicle at the scene of an accident or collision. At trial, Richardson testified that, while she was driving the bus stopped at the intersection, a black SUV rear-ended the bus. Richardson stated that, although there was no observable damage to the bus, she heard a noise on impact and felt the bus move forward. Richardson then observed a damaged black SUV turn right and speed off with no attempt to stop.   She noted the SUV's license plate number and witnessed that a black female, later identified at trial as Turner, was driving the SUV. While Turner argues that Richardson could not have positively identified that the SUV that struck the bus was the same SUV driven by Turner, it is undisputed that Turner was the registered owner of the black SUV observed by Richardson driving away from the accident. Moreover, Officer Harding spoke to Turner one day after the accident; Turner admitted to him that she had been behind the bus at the intersection while looking in the backseat of her vehicle but also claimed that she did not believe that she had actually hit the bus.

{¶ 18} Turner also admitted at trial that she was behind the bus at the intersection and, while briefly looking backward, kept her foot on the brake. When she turned back

around, she realized that she was close to the bus but did not believe that she had hit the bus, despite the fact that the bus's hazards lights were on. She also admitted that she had "felt a bump" but believed she had been stopped because her foot remained on the brake. She claimed that she was confused about why the bus's hazard lights were on, paused a moment, and then backed up, turned right, and drove away. When she returned home and looked at her vehicle, she realized that she had been in an accident because the hood of her SUV was damaged.

{¶ 19} Under these circumstances, we conclude that it was reasonable for the trial court to find Turner guilty of leaving the scene of an accident. Based upon the testimony of Richardson, Officer Harding, and Turner, the trial court could have reasonably found that Turner was the operator of the black SUV that struck the bus and that she failed to stop after an accident on a public road. The trial court was free to believe or disregard the credibility of the State's witnesses. The trial court was also free to believe or disregard the credibility of Turner's testimony concerning whether she knew that a collision had occurred when she left the scene of the accident. After reviewing the entire record, weighing the evidence presented by the State and all reasonable inferences, and considering the credibility of the witnesses, we conclude that the evidence believed by the trial court established the elements of leaving the scene of an accident, and the trial court did not lose its way or create a manifest miscarriage of justice in connection with Turner's conviction.

{¶ 20} Having concluded that there was sufficient evidence in the record to support Turner's conviction and that Turner's conviction was not against the manifest weight of

the evidence, Turner's sole assignment of error is overruled.

### III.     Conclusion

**{¶ 21}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.