[Cite as *State v. Burke*, 2016-Ohio-822.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-54 |
| v. | : | (C.P.C. No. 13CR-0358) |
| Steven D. Burke | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 3, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee*.*

**On brief:** *Elizabeth A. Warren,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Steven D. Burke ("Burke"), appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 23, 2013, the Franklin County Grand Jury indicted Burke on one count of felonious assault with specification, in violation of R.C. 2903.11, a felony of the second degree, and one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree.

{¶ 3} Jamacan Sizemore ("Sizemore") testified that shortly after noon on January 8, 2013, he was working on cars in the parking lot of an apartment complex near 870 Wedgewood Avenue, in Columbus, Ohio. Sizemore testified that he heard someone say "what's up now?" and he turned and saw Burke, whom he had known for approximately 17 years, standing within 5 feet of a "little silver car." (Tr. 91, 96.) Burke

had a handgun and shot Sizemore 6 times.  Burke then jumped into the passenger seat of the car and left. (Tr. 87-98.) Witnesses, Christopher Thornton and Juanita Stewart, testified that after the shooting, the gunman ran or "speed walked" a short distance to the silver car and "hopped in and took off." (Tr. 335, 372.)

{¶ 4}    Burke argued that due to prior injuries, he was physically unable to commit the crime and "run" from the scene.  His mother, Sharon Ross, and sister, Tamirra Burke, testified that he walked with a limp and used a cane and/or a walker at the time of the shooting. (Tr. 483-87, 500-06.)

{¶ 5}    At first, Sizemore did not cooperate with the police. (Tr. 104-10.) However, eventually he identified Burke as the assailant, and later testified that he had "no doubt" Burke was the shooter because he saw him and looked "dead in his face" as Burke pulled out a gun and shot him. (Tr. 92-98, 108-10.)

{¶ 6}    Paul Dille testified that he drove Burke to the area of the shooting, and that Burke pulled a gun out of his waistband and exited Dille's car when Burke saw Sizemore. Burke did not have a cane and was not walking with a limp that day. Dille says he heard the shots but did not actually see the shooting.  Burke got back into the car quickly, pointed his gun at Dille and told him to "go." (Tr. 430.) Dille complied and drove Burke away. Another witness, Dylan Roller, testified that Dille was very upset shortly after  the shooting, and that Burke told Dille to get rid of the car.  (Tr. 282-84.)

{¶ 7}    The jury convicted Burke of felonious assault with a gun specification.  The court convicted Burke of having a weapon while under a disability.  He was sentenced to 10 years in prison.

## II. ASSIGNMENT OF ERROR

{¶ 8}    Burke appeals, assigning the following errors:

> I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
>
> II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL THEREBY DEPRIVING HIM OF THE RIGHT TO A FAIR TRIAL UNDER THE STATE AND FEDERAL CONSTITUTIONS.

**III. ASSIGNMENT OF ERROR ONE—CONVICTIONS DID NOT LACK SUFFICIENT EVIDENCE, NOR WERE THEY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE**

{¶ 9}    Burke argues that the evidence was insufficient to support his convictions. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved, beyond a reasonable doubt, all of the essential elements of the crime. *State v. Jenks*, 61 Ohio St.3d 259 (1991).

{¶ 10} A challenge to the sufficiency of the evidence is properly made where a defendant asserts that the state failed to produce any evidence related to one or more elements of an offense. Burke has not raised any arguments regarding the sufficiency of the evidence. Instead, Burke asserts that the state's witnesses lacked credibility. As such, in the interest of justice, we will construe Burke's first assignment of error as raising both sufficiency and manifest weight of the evidence issues.

{¶ 11} This court in *State v. Baatin*, 10th Dist. No. 11AP-286, 2011-Ohio-6294, ¶ 8-11, addressed the applicable law:

> Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11 (citing *State v. Braxton*, 10th Dist. No. 04AP-725, 2005 Ohio 2198, ¶15). Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.*; *State v. Sowell*, 10th Dist. No. 06AP-443, 2008 Ohio 3285, ¶89.
>
> The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. * * *
>
> When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire

record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*; *State v. Strider–Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury * * * " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.* (quoting *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 Ohio B. 408, 461 N.E.2d 1273. Accordingly, we afford great deference to the jury's determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011 Ohio 1894, ¶26 (citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009 Ohio 6840, ¶55). See also *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus (credibility determinations are primarily for the trier of fact).

{¶ 12} Burke argues that the state's witnesses lacked credibility. Burke claims that he "is serving a ten-year sentence primarily because two people identified" him as the shooter. (Appellant's Brief, 15.) Burke alleges that Sizemore is not believable because he initially denied to the police knowing who shot him. Burke attacks Dille's testimony because, at the time of the shooting, Dille was a "drug addict" who was "currently using heroin" and had severe "mental health issues." (Appellant's Brief, 16.)

{¶ 13} Firstly, "[a] conviction is not against the manifest weight of the evidence because the jury chose to believe the state's version of events over the defendant's version." *State v. Hawk*, 10th Dist. No. 12AP-895, 2013-Ohio-5794, ¶ 59. A lack of physical evidence does not warrant interfering with the jury's decision or preclude a conviction. *See State v. Hunter*, 10th Dist. No. 10AP-599, 2011-Ohio-1337, ¶ 24. In addition, the testimony of one witness, if believed by the jury, is enough to support a conviction. *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, ¶ 42.

{¶ 14} Sizemore testified that he had known Burke for a long time and that, without any doubt in his mind, Burke was the person who had shot him. Dille testified that he drove Burke to the scene, saw Burke pull out a gun immediately after seeing Sizemore, saw Burke exit the vehicle, heard the gunshots, and drove Burke away from the scene.

{¶ 15} Based on the guilty verdict, the testimony of Sizemore, Dille, and others, convinced the jury that Burke was the shooter. The jury was in the best position to evaluate the witnesses' credibility, and there is no persuasive reason for rejecting that determination.

{¶ 16} After a thorough review, we find that the jury did not lose its way, nor create a manifest miscarriage of justice. We find that the evidence in the record supports the jury's and court's verdicts. Accordingly, Burke's convictions are not against the manifest weight of the evidence. This conclusion is also dispositive of Burke's claim that his convictions are not supported by sufficient evidence. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 17. Therefore, we overrule Burke's first assignment of error.

## IV. ASSIGNMENT OF ERROR TWO—NO DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

{¶ 17} Burke argues in his second assignment of error that he was denied effective assistance of counsel because his attorney failed to present doctor's statements that would have demonstrated that Burke was physically incapable of committing the crime due to his physical health and eye vision. We disagree.

{¶ 18} To establish a claim of ineffective assistance of counsel, defendant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Burke must show that (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) that defense counsel's errors prejudiced defendant. *Id.* The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Id.* at 697. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential * * * [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *State v. Bradley*, 42 Ohio St.3d 136, 143-44 (1989).

{¶ 19} A claim of trial counsel ineffectiveness usually will be unreviewable on appeal because the appellate record is inadequate to determine whether the omitted objection, motion, or defense really had merit and/or because the possible reasons for counsel's actions appear outside the appellate record. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995), *en banc*.

{¶ 20} Ohio law similarly recognizes that error cannot be recognized on appeal unless the appellate record actually supports a finding of error. A defendant claiming error has the burden of proving that error by reference to matters in the appellate record. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). There must be sufficient basis in the record upon which the court can decide that error. *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 342 (1986).

{¶ 21} In this case, Burke points to nothing in the record to support this claim. In fact, the record does not contain any evidence that such doctor's statements actually existed. In the absence of any indication that there was some medical evidence of his alleged physical limitations to be presented, Burke cannot overcome the presumption that his counsel was effective. Furthermore, Burke cannot show that he was prejudiced in any manner by the actions or inactions of his counsel. As a result, Burke's second assignment of error lacks merit. Accordingly, the second assignment of error is overruled.

## V. DISPOSITION

{¶ 22} Having overruled Burke's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

_____