[Cite as *State v. Dillard*, 2018-Ohio-4842.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 18AP-178 (C.P.C. No. 16CR-2907) |
| v. | : | 18AP-179 (C.P.C. No. 16CR-2747) |
| Twyla M. Dillard, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 6, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Blaise G. Baker*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Twyla M. Dillard, appeals from judgments of the Franklin County Court of Common Pleas finding her guilty, pursuant to jury verdict, in case No. 16CR-2907 (18AP-178) of one count of menacing by stalking and, in case No. 16CR-2747 (18AP-179) of two counts of menacing by stalking and one count of attempted burglary. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed May 27, 2016 in case No. 16CR-2907, appellant was charged with one count of menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree. The indictment alleged that appellant committed the offense "[o]n or about April 24, 2016."

{¶ 3} By indictment filed May 20, 2016 in case No. 16CR-2747, appellant was charged with two counts of menacing by stalking, in violation of R.C. 2903.211, felonies of the fourth degree, and one count of attempted burglary, in violation of R.C. 2923.02, a felony of the third degree. The indictment alleged appellant committed the menacing by stalking offenses "[o]n or about April 24, 2016" and the attempted burglary offense "[o]n or about April 25, 2016."

{¶ 4} In both cases, appellant waived the reading of the indictments and entered not guilty pleas. Appellant requested discovery, and plaintiff-appellee, State of Ohio, provided or permitted inspection of the same. Appellant did not request a bill of particulars in either case. The discovery provided by or permitted to be inspected by the state included "Reports from Peace Officers."

{¶ 5} The cases were consolidated on March 5, 2018. On April 24, 2018, the trial court conducted a jury trial. At trial, evidence was presented by the state that appellant and the prosecuting witness, Michael Jackson, had previously dated and their relationship ended sometime around September 2015. A few months after the relationship with appellant ended, Jackson began dating prosecuting witness Leslie Perrin. The parties stipulated that in 2015 the court had granted both prosecuting witnesses a protection order ordering appellant to stay away from them. The parties further stipulated that on April 21, 2016, appellant was convicted in the Franklin County Municipal Court of menacing by stalking, in violation of R.C. 2903.211, with Jackson as the prosecuting witness.

{¶ 6} Jackson testified that on April "the 24th, it was early morning" when he heard a loud noise in front of his home and looked out the window to see appellant standing between his and Perrin's vehicles. (Tr. at 127.) He went outside to inspect and found that the vehicles, which were parked not even ten feet from his house, had been damaged. He observed appellant run to her own vehicle and drive away. Jackson filed a police report. Jackson and Perrin then went to Perrin's residence out of concern for her safety. On the following day, April 25th, they heard a loud sound outside Perrin's residence. Jackson observed a shadow at the back of the house trying to get into the back door and determined the person went around the side of the house to the front of the house. He then went to the front of the house, opened the blinds and looked directly at appellant who was on the front porch. Perrin too looked eye to eye with appellant. Jackson testified that appellant

returned to the back door and again tried to get in the house, and went back and forth between the back and front of the house trying to get in. The doors were locked and appellant was "getting frustrated * * * pulling hard, kicking [the doors], whatever [with] an object in her hand * * * trying to jimmy the lock." (Tr. at 142.) Perrin called police. The state presented a recording of Perrin's 911 call. (State's Ex. I.)

{¶ 7} At the close of the state's evidence, appellant's counsel moved, pursuant to Crim.R. 29 and *State v. Scruggs*, 136 Ohio App.3d 631 (2d Dist.2000), for dismissal with respect to the menacing by stalking charges. Appellant argued the pattern of conduct was alleged to have occurred on April 24, 2016 and does not include the April 25th burglary. The trial court denied the motion. Appellant's sister testified on her behalf. Appellant then renewed the motion on the same grounds regarding the menacing by stalking charges and also moved to dismiss the attempted burglary charge generally for insufficient evidence. The court denied the motion.

{¶ 8} The jury returned guilty verdicts on all counts. Based on the jury's verdict, the court found appellant guilty on all counts and sentenced appellant. Appellant timely filed a notice of appeal.

## II. Assignments of error

{¶ 9} Appellant asserts the following two assignments of error for our review:

> [I.] The Defendant-Appellant's conviction for menacing by stalking was not supported by sufficient evidence and was against the manifest weight of the evidence.

> [II.] The Defendant-Appellant's conviction for attempted burglary was not supported by sufficient evidence and was against the manifest weight of the evidence.

## III. Analysis

{¶ 10} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Id.*

{¶ 11} In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 2001-Ohio-4.

{¶ 12} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *Thompkins* at 387. Although there may be sufficient evidence to support a judgment, a court may nevertheless conclude that a judgment is against the manifest weight of the evidence. *Id.*

{¶ 13} When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 14} In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, we afford great deference to the jury's determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55. *See also State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus (credibility determinations are primarily for the trier of fact).

{¶ 15} Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11, citing *State v. Braxton*, 10th Dist. No. 04AP-725, 2005-Ohio-2198, ¶ 15. "[T]hus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Id.*

{¶ 16} In support of her first assignment of error, as she did at trial, appellant specifically argues that because the state did not include the April 25, 2016 date in the indictment regarding the menacing by stalking charges, a pattern of conduct was not established. Appellant suggests, pursuant to *Scruggs*, the convictions for menacing by stalking were not supported by sufficient evidence and were against the manifest weight of the evidence because evidence presented regarding what took place on April 25, 2016 could not be considered to find a pattern of conduct.

{¶ 17} Pursuant to R.C. 2903.211, menacing by stalking is defined as "engaging in a pattern of conduct" which will "knowingly cause another person to believe that the offender will cause physical harm to the other person * * * or cause mental distress to the other person." A "pattern of conduct" means "two or more actions or incidents closely related in time." R.C. 2903.211(D)(1). " 'A court must take everything into consideration when determining if a respondent's conduct constitutes a pattern of conduct, even if some of the person's actions may not, in isolation, seem particularly threatening.' " *Joy v. Letostak*, 10th Dist. No. 14AP-1040, 2015-Ohio-2667, ¶ 22, quoting *Miller v. Francisco*, 11th Dist. No. 2002-L-097, 2003-Ohio-1978.

{¶ 18} We are not persuaded that *Scruggs* mandates a finding the convictions for menacing by stalking were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶ 19} In *Scruggs*, the Second District Court of Appeals found that a conviction for menacing by stalking was not supported by sufficient evidence because the complaint alleged that the pattern of conduct occurred on one date, May 29, 1998, the evidence presented, however, showed that a number of incidents took place between the defendant

and the prosecuting witness and her children, between July 1997 and May 29, 1998.  The *Scruggs* court found the following:

> The prosecutor introduced * * * evidence [regarding incidents which took place between July 1997 and May 29, 1998] to establish "the two or more actions or incidents" needed to make up the pattern of conduct element. The trial court, over defense counsel's objections, admitted the evidence for this purpose. This constituted error. While the State may introduce evidence of "uncharged misconduct" or "other acts," in order to prove, among other things, that a defendant's seemingly innocent acts, in reality, amounted to knowing attempts to cause mental distress, those other acts cannot be used to establish the "two or more actions or incidents" requirement of the pattern of conduct element. See *State v. Bilder* (1994), 99 Ohio App.3d 653, 658, 651 N.E.2d 502. Thus, evidence regarding events that are not the subject of the complaint cannot be used to establish the "two or more actions or incidents" needed to prove the pattern of conduct element. Here, the events that were the subject of the complaint, occurred "*on or about* May 29, 1998." Therefore, the State was required to prove that Scruggs engaged in two or more actions or incidents, *on or about* May 29, 1998, knowing they would cause Morris to believe that she would cause physical harm to her, or knowingly causing Morris mental distress. For the reasons set forth above, the State failed to meet its burden.
>
> The State could have avoided the result reached in this case if it had simply set forth the date of the offense in the complaint as having occurred between July, 1997 and May 29, 1998, or if it had simply adduced testimony from Morris regarding the incident on May 29th, which led her to file a complaint against Scruggs.

(Emphasis added.) *Id.* at 635.

{¶ 20} We are not persuaded that *Scruggs* applies to the case before us.  There is a significant difference between the indictment in this case and the complaint in *Scruggs*.  The indictments here allege that "*on or about* April 24, 2016" appellant committed the offenses of menacing by stalking.  The evidence presented here spans two days, April 24-25, 2016; whereas, the evidence presented in *Scruggs* spans almost one year, July 1997 to May 29, 1998.  Furthermore, the *Scruggs* court used the same "on or about" qualifier as the state did herein.  *Scruggs* opined that "the state was required to prove that Scruggs engaged

in two or more actions or incidents *on or about* May 29, 1998." (Emphasis added.) *Id.* at 635.

{¶ 21} We also note appellant requested and was provided or permitted to inspect discovery including police reports and recordings of the police interview with appellant and of the 911 call. Taking into consideration the "on or about" qualifier and the discovery provided, appellant cannot say she was not on notice of the dates of the alleged incidents constituting a pattern of conduct alleged in the three counts of menacing by stalking. There is no indication in the record appellant was prejudiced in preparing her defense by the failure of the indictment to specifically list April 25, 2016 as the date of the offense. *See State v. Plants*, 5th Dist. No. 2009 AP 10 0054, 2010-Ohio-2930, ¶ 36.

{¶ 22} Accordingly, we overrule the first assignment of error.

{¶ 23} In support of the second assignment of error, appellant argues no evidence was presented that she entered Perrin's home on April 25, 2016. However, appellant was not charged with burglary, but rather attempted burglary. She was found guilty of attempted burglary, a violation of R.C. 2923.02 as it relates to 2911.12, a felony of the third degree. R.C. 2911.12(A)(2) states: "No person, by force, stealth, or deception, shall do any of the following: * * * Trespass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." R.C. 2911.21(A) outlines the offense of trespass as: "No person, without privilege to do so, shall do any of the following: (1) Knowingly *enter* or remain on the land or premises of another; (2) Knowingly *enter* or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard." (Emphasis added.)

{¶ 24} R.C. 2923.02(A) defines attempt as follows: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, *if successful*, would constitute or result in the offense." (Emphasis added.) The Supreme Court of Ohio has further defined "criminal attempt" as " 'an act or omission constituting a substantial step in a course of conduct planned to culminate in [the actor's] commission of the crime.' [A] 'substantial step'

requires conduct that is 'strongly corroborative of the actor's criminal purpose.' " *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 101, quoting *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus.

{¶ 25} The statutes did not require the state to prove appellant was successful in entering the home of Perrin in order to establish attempted burglary. Rather, the state was required to prove appellant knowingly engaged in conduct that, if successful, would have constituted burglary pursuant to R.C. 2911.12; as relevant here, i.e., if successful, would have constituted entering the home.

{¶ 26} Accordingly, we overrule the second assignment of error.

{¶ 27} Finally, although not asserted as an assignment of error on appeal, the state has pointed out in footnote 1 of its brief that the two counts of menacing by stalking in case No. 16CR-2747 were alternative counts involving Jackson as the prosecuting witness and were based on precisely the same conduct committed by appellant. The state informed the trial court of this at trial, however the court did not merge the two counts but, rather, imposed a sentence on both counts. The state requests this court modify the judgment entry as we did in *State v. Smith*, 10th Dist. No. 17AP-649, 2018-Ohio-1937, ¶ 19-21,[1] and merge count one and count two in case No. 16CR-2747. We decline to modify the sentence, however, we will remand the judgment in case No. 16CR-2747 for the sole purpose of

---

[1] In *Smith*, at ¶ 20-21, we stated:

"The state requests that this court modify the sentence to consecutive 10 year prison terms, for a total of 20 years, to be served consecutively to the Michigan and Cuyahoga County sentences. The state claims that this case illustrates perfectly the Supreme Court of Ohio's observation that "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence." [*State v.*] *Fischer* [128 Ohio St.3d 92, 2010-Ohio-6238] at ¶ 30. (Appellee's brief at 4-5.) We agree.

Having found an error of law in appellant's sentencing, we are specifically empowered by both App.R. 12(A)(1)(a) and R.C. 2953.08(G)(2) to "modify" the sentence imposed by the trial court. For the sake of judicial economy, rather than require a new sentencing hearing, we exercise that power and hold that appellant's sentence is hereby modified to reflect consecutive sentences of 10 years each for appellant's convictions for aggravated burglary and rape, resulting in a total sentence of 20 years, to run consecutive to prior convictions in Michigan and Cuyahoga County, Ohio, as stated in the trial court's judgment entry. In all other respects, we affirm the judgment of the trial court.

modifying the sentence as the state requests to merge the two counts of menacing by stalking.

**IV. Conclusion**

{¶ 28} Having overruled appellant's two assignments of error, the judgments of the Franklin County Court of Common Pleas are affirmed. However, we remand the judgment in case No. 16CR-2747 for the sole purpose of modifying the sentence as the state requests to merge the two counts of menacing by stalking in that case.

*Judgments affirmed;*
*judgment in case No. 16CR-2747 remanded.*

BRUNNER and HORTON, JJ., concur.

_____